UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

                Plaintiffs,

    -against-

MARCRAFT CLOTHES, INC. and John Does 1-10 (all other trades or businesses under common control with MARCRAFT CLOTHES, INC.)),

                Defendants.

20-cv-08852 (CS)

**DEFAULT JUDGMENT**

This action having been commenced on October 22, 2020 by filing of a Complaint, and Plaintiffs Trustees of the National Retirement Fund ("Plaintiffs") having served copies of the Summons and Complaint upon Defendant Marcraft Clothes, Inc. ("Defendant Marcraft"), a New Jersey corporation, on November 16, 2020 by personal service upon Sheldon Brody, the Chief Executive Officer of the Defendant Marcraft, and proof of such service having been filed with the Court on November 25, 2020, and Defendant Marcraft not having appeared, answered, or otherwise moved with respect to the Complaint, and the time for appearing, answering or moving having expired, and the Court having issued its Order to Show Cause requiring Defendant Marcraft to show cause before the Court why a Default Judgment should not be entered against Defendant Marcraft, and the Court having held a hearing pursuant to the Order to Show Cause, and Defendant Marcraft having failed to appear at the show cause hearing; and it further appearing that subsequent to the filing of the Complaint, on November 5, 2020, Defendant Marcraft executed a Deed of Assignment for the Benefit of Creditor of Marcraft Clothes, Inc. (the "Deed") whereby Defendant Marcraft, as Assignor, assigned all of its assets to Morris S.

Bauer, as Assignee (the "Assignee"), which Deed was filed with and recorded by the Middlesex County, New Jersey Clerk on November 19, 2020, and filed with the Middlesex County, New Jersey Surrogate on November 24, 2020 thereby commencing the assignment case identified by the Superior Court of New Jersey, Chancery Division, Probate Part, Middlesex County as Docket No. 271493 (the "Assignment Case"); and it further appearing that notice of the Assignment Case was provided to the Plaintiffs; and it further appearing that in the Assignment Case, on February 28, 2021, the Assignee obtained the entry of an order in the Assignment Case enjoining litigation against the Assignor, which the Plaintiffs contend is not applicable thereto and which order also provides the Assignee settlement authority without further order of the Court presiding over the Assignment Case; it is

**NOW, THEREFORE**, upon application of the Plaintiffs and upon reading the Affidavits of Jennifer Oh, Esq., duly sworn the 25th day of January 2021, and the Certificate of Ruby J. Krajick, Clerk of Court, United States District Court for the Southern District of New York, noting the default of Defendant Marcraft, for failure to appear, answer or otherwise move with respect to the Complaint, and noting further that the Assignee does not object to the relief set forth herein this order; it is hereby,

**ORDERED, ADJUDGED AND DECREED**, that Plaintiffs have Judgment against Defendant Marcraft for the delinquent contributions for the months of January 2020 through March 2020 in the principal amount of $17,037.57; interest computed at one percent (1.00%) per month of part thereof on the delinquent contributions through the date of Judgment in the amount of $2,044.50; and liquidated damages at an amount equal to the greater of interest due on the delinquent contributions or twenty percent (20.00%) of the principal amount of delinquent contributions due in the amount of $3,407.51, all totaling $22,489.58; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiffs have Judgment against Defendant Marcraft in the principal amount of $2,370.43 for audit deficiencies for the period of January 1, 2018 through and including December 31, 2019 as set forth in the April 24, 2020 audit bill; interest through the date of the April 24, 2020 audit bill in the amount of $246.61; post-audit bill interest computed at one percent (1.00%) per month or part thereof on the audit deficiencies from the April 24, 2020 audit bill through the date of Judgment in the amount of $237.04; and liquidated damages at an amount equal to the greater of the total interest due on the audit deficiencies or twenty percent (20.00%) of the audit deficiencies in the amount of $483.65, all totaling $3,337.73; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiffs have Judgment against Defendant Marcraft in the principal amount of $6,561,962.00 for the withdrawal liability owed to Plaintiffs; interest thereon computed at one percent (1.00%) per month or part thereof on the withdrawal liability from July 1, 2020, the date of the first missed quarterly withdrawal liability payment, through the date of Judgment in the amount of $524,956.96; and liquidated damages at an amount equal to the greater of the total interest due on the withdrawal liability or twenty percent (20.00%) of the withdrawal liability in the amount of $1,312,392.40, all totaling $8,399,311.36; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiffs have Judgment against Defendant Marcraft for costs of the instant action in the amount of $400.00, for a total Judgment in the amount of $8,425,538.67; and it is further

**ORDERED, ADJUDGED AND DECREED** that interest shall continue to accrue on the amount due under this Judgment at the legal rate as defined in 28 U.S.C. §1961 from the date of

entry of this Judgment on _____, 2021 until the Judgment is fully satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED,** that Plaintiffs have Judgment against Defendant Marcraft permanently restraining and enjoining Defendant Marcraft and all of its officers, employees, agents, representatives, and all persons acting in concert with them from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of the assets of Defendant Marcraft, regardless of the amounts, if any, or the nature of the consideration received therefore, except that nothing herein shall restrict Defendant Marcraft from transferring its assets to the Assignee in the Assignment Case; and it is further

**ORDERED, ADJUDGED AND DECREED,** that nothing herein, including the provisions of the foregoing paragraph, shall impact the administration of the estate in the Assignment Case, and Plaintiffs herein will not challenge or contest the assets of Marcraft Clothes, Inc. in the possession or control of the Assignee which were collected up to the point of the entry of this Order or will be collected in the future by the Assignee subject to the Assignment Case, nor enjoin the Assignee from fully performing his statutory obligations to liquidate and distribute the assets of Marcraft Clothes, Inc.; and it is further

**ORDERED, ADJUDGED AND DECREED** that nothing herein shall impact the right of the Assignee to challenge the amount that Plaintiffs claim in its Proof of Claim in the Assignment Case, which is the sole mechanism by which Plaintiffs would receive any recovery from Defendant Marcraft's assets that are subject to the Assignment Case; and it is further

**ORDERED, ADJUDGED AND DECREED** that nothing herein shall preclude the Assignee from pursuing the recovery of assets for the benefit of creditors, provided however, to the extent Plaintiffs recover any such assets belonging to Marcraft which are legally subject to

4

the Assignment Case, Plaintiffs shall turn over such recoveries, less any reasonable fees and expenses incurred in pursuing and obtaining such recoveries from the recovered amounts, to the Assignee for the benefit of all creditors that are permitted to receive a distribution from the Assignment Case including the Fund.

Dated: 3/24/21
White Plains, New York

SO ORDERED:

_____
Honorable Cathy Seibel
United States District Judge

No objection to the entry of
the within Order

NORRIS McLAUGHLIN, P.A.
Counsel to the Assignee

By: _____
Morris S. Bauer, Esq.

5